760 A.2d 378

**BETHLEHEM STEEL CORPORATION, Appellant,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LAUBACH), Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 31, 2000.

Decided Oct. 26, 2000.

Barbara L. Hollenbach, Allentown, for Bethlehem Steel Corp.

Martha J. Hampton, Philadelphia, for George Laubach.

James A. Holzman, Harrisburg, Amber M. Kenger, Mechanicsburg, for W.C.A.B.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION ANNOUNCING THE JUDGMENT OF THE COURT

ZAPPALA, Justice.

The issue presented in this appeal is whether a workers' compensation claimant who has not fully recovered from a work-related injury is entitled to reinstatement of total disability benefits when laid off from a modified duty job by the time-of-injury employer.

On September 7, 1992, George Laubach sustained a lumbosacral strain while working for Bethlehem Steel Corporation. Laubach received workers' compensation benefits pursuant to a notice of compensation payable. He was not released to

return to his pre-injury job, but was able to work at a modified job when he returned to Bethlehem Steel on January 28, 1993. During various periods of time thereafter, Laubach either received benefits for partial disability or his benefits were suspended because his earnings equaled or exceeded his average weekly wage.

Laubach continued to work in a light duty capacity until he was laid off by Bethlehem Steel on December 10, 1995. The layoff resulted from the closing of the plant where Laubach was employed. Bethlehem Steel continued to operate other facilities, but no other employment was offered to Laubach. Bethlehem Steel continued to pay partial disability benefits to Laubach after the layoff, but refused to reinstate total disability benefits.

On February 15, 1996, Laubach filed a penalty petition alleging that Bethlehem Steel had refused to reinstate his full benefits. Bethlehem Steel subsequently filed a petition to modify or suspend benefits alleging that Laubach had returned to work in a light duty capacity for the period from June 25, 1995 through December 31, 1995 at varying rates of partial disability.

Following a hearing, the workers' compensation judge granted Bethlehem Steel's petition to modify or suspend benefits during the six-month period before the layoff. The WCJ treated Laubach's penalty petition as a petition for reinstatement of temporary total disability benefits and granted reinstatement. The WCJ found that Laubach had sustained his burden of proving that he was entitled to reinstatement of benefits because he was returned to work in a light duty capacity, rather than to his pre-injury job, and was laid off for economic purposes. The Workers' Compensation Appeal Board affirmed the WCJ's decision.

Bethlehem Steel appealed from the Board's order, asserting that the WCJ erred in reinstating total disability benefits where there was no evidence of any change in Laubach's earning power and he was laid off for economic reasons. The Commonwealth Court affirmed the Board's order. The court

reasoned that where a claimant returns to work under a suspension of benefits with restrictions and is subsequently laid off, the claimant is entitled to the presumption that the disability, i.e. the loss of earning power, is causally related to the continuing work injury. Because Laubach had not been released to return to his pre-injury job and was assigned to light duty work before the layoff, the court found that he was entitled to the presumption that his loss of earning power was causally related to his work-related injury. In order to rebut the presumption, Bethlehem Steel was required to demonstrate that there was available work within Laubach's physical restrictions or establish that his current disability was not due to his work-related injury. The court determined that, in the absence of such evidence, the WCJ did not err in reinstating total disability benefits.

We granted Bethlehem Steel's petition for allowance of appeal to address the claimant's burden of proof for reinstatement of benefits when the claimant has returned to work in a modified position and is subsequently laid off.[1] Bethlehem Steel acknowledges that when a claimant is receiving partial disability benefits, or his workers' compensation benefits are suspended, a presumption exists that the claimant's loss of earning power is causally related to his work injury. Bethlehem Steel asserts, however, that the presumption does not eliminate a requirement that the claimant demonstrate a causal relationship between the work injury and a subsequent reduction in earnings. An employer would then have the opportunity to establish that a claimant's loss in earnings, as opposed to earning power, is attributable to factors other than the work injury.

Bethlehem Steel argues that Laubach's earning power did not change when he was laid off because his physical condition did not change. The increased loss of earnings is attributed

---

1. Appellate review in workers' compensation proceedings is limited to determining whether constitutional rights have been violated, an error of law has been committed, and whether necessary findings of fact are supported by substantial evidence. *Volterano v. Workmen's Compensation Appeal Board,* 536 Pa. 335, 639 A.2d 453 (1994).

simply to the layoff because the physical disability remained the same. Bethlehem Steel contends that a claimant, who has not fully recovered from a work-related injury and has returned to work in a modified job, is not entitled to total disability benefits when the claimant is laid off for economic reasons.

Laubach argues that where a claimant is restricted to light duty work due to a work-related injury, it is the responsibility of the employer to show available work within the claimant's physical limitations. In the absence of such evidence, the claimant is eligible for total disability benefits. Where the claimant is laid off from light duty work, the only burden of proof placed upon the claimant is to show that the lay off was caused by no fault of his own and his earning power continues to be affected by the work-related injury. Laubach states that he was put into the job market with a significant detriment to his earning capacity, a restricted ability to work, because of his work-related injury, and the fact that the plant was closed does not suffice to overcome the presumption that his loss of earnings continues to be related to the work-related injury. For the following reasons, we find that the WCJ did not err in awarding total disability benefits to Laubach.

■ Section 413 of the Workers' Compensation Act, 77 P.S. §§ 1–1041.4, which authorizes modification, suspension or termination of benefits, provides in relevant part

[t]hat where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to injury.

77 P.S. § 772.

■ A claimant who seeks reinstatement of benefits bears a different burden of proof depending upon whether benefits have been terminated or suspended. In order for a claimant to have benefits reinstated after a termination of

benefits, the claimant must establish a causal connection between his current condition and the prior work-related injury. The claimant must establish that his disability has increased or recurred after the date of the prior award and that his physical condition has actually changed in some manner. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990).

No causal connection between the claimant's current condition and work-related injury must be established, however, where a claimant seeks reinstatement of suspended benefits. The claimant must show only that while his disability has continued, his loss of earnings has recurred.

In such suspension situations, the causal connection between the original work-related injury and the disability which gave rise to compensation is **presumed**. First, it is presumed because the causal connection between the original work-related injury and disability was initially either not contested by the employer or established by competent proof by the employee at the time of the original disability claim. Second, it is presumed because with a mere suspension of benefits, there is no contention by any party that the liability of the employer has terminated. The only fact established at a suspension of benefits is that the **earning power** of a claimant has improved to a point where benefits are no longer necessary. Since the disability continues to exist, the liability of the employer for the injury has not terminated. Therefore, in these situations the causal connection between the original work-related injury and the disability goes unquestioned.

584 A.2d at 305 (emphasis supplied).

A claimant seeking reinstatement of benefits must demonstrate that his earning power is once again adversely affected by his disability through no fault of his own, and that the disability which gave rise to his original claim continues. *Id.*

In *Stevens v. Workers' Compensation Appeal Board (Consolidation Coal Company)*, 563 Pa. 297, 760 A.2d 369 (2000),

we addressed the issue of the appropriate burden of proof for a claimant seeking to have his suspended workers' compensation benefits reinstated. The claimant had sustained a back injury while working for his employer in the coal industry. The claimant was unable to perform his pre-injury job, despite surgery for his injury. He obtained an undergraduate degree in corrections administration and obtained employment as a private investigator. The claimant continued to receive partial disability benefits during periods of time when his wages did not exceed his average weekly wage in the coal industry.

The claimant later accepted a higher paying job with a different investigation firm. His workers' compensation benefits were suspended by supplemental agreement when his earnings from the second company exceeded his pre-injury weekly wage. After his employment with the second investigation firm was terminated, the claimant filed a petition to reinstate his benefits. The coal company opposed the petition on the basis that the claimant's loss of earning power was attributable not to his previous injury but to his inability to perform investigative work up to the standards of the investigation firm.

The WCJ granted the reinstatement petition and awarded total disability benefits. The Workers' Compensation Appeal Board reversed, concluding that the claimant had failed to meet the requisite burden of proof because he had failed to present evidence that his current loss of earnings was related to his original work injury. The Board determined that the claimant's loss of earnings was attributable to his inability to meet the performance standards of his new employer rather than to his work injury. The Commonwealth Court reversed the Board's decision.

On appeal, the employer asserted that when a claimant whose benefits have been suspended returns to work at earnings equal to or greater than his pre-injury earnings and is subsequently terminated, the claimant must show that his loss of earnings was the result of the work injury. We rejected this argument, reaffirming that the claimant's burden of proof in seeking reinstatement of benefits when the claimant has not

fully recovered from the work-related injury is the two-prong standard articulated in *Pieper*.

We also rejected the employer's argument that the first prong of *Pieper*, that the claimant must demonstrate that his earning power is once against adversely affected by his disability through no fault of his own, is not met when a claimant is terminated from different employment based upon unsatisfactory job performance.[2] The employer made an argument similar to the one advanced by Bethlehem Steel in this case, that the claimant had failed to meet his burden of proof because there was no evidence that his earning power was adversely affected by his work injury.

We concluded that the claimant had met his burden of proof under *Pieper* to establish that his work-related injury continued and that his earning power was again adversely affected by his injury through no fault of his own. The claimant had not recovered from his injury and was unable to return to his original job in the coal industry as a result. Where the loss of earning power has been demonstrated by a claimant, it is then incumbent upon the employer to demonstrate that employment is available within the claimant's restrictions, or benefits will be reinstated. *Stevens*, 760 A.2d at 376–77 (citing *Vista International Hotel v. Workmen's Compensation Appeal Board (Daniels)*, 560 Pa. 12, 742 A.2d 649 (1999)).

The analysis underlying *Stevens* is applicable to this case. Laubach was unable to perform his original job due to his injury, but at first Bethlehem Steel provided him with a modified job within his limitations. By creating the modified position, Bethlehem Steel reduced its obligation to pay total disability benefits to payment of partial disability benefits for those periods of time when Laubach's earnings exceeded his average weekly wage for his original job. The elimination of

---

2. We note that in *Stevens*, the WCJ had determined that the claimant had worked diligently but was terminated because he did not meet his new employer's standards. There was no factual finding that the claimant had deliberately failed to meet the employer's standards or had acted in bad faith.

the modified position as part of the employer's layoff of personnel adversely affected Laubach's earning power through no fault of his own. As Laubach had not fully recovered from his injury at the time of the layoff, he was eligible for reinstatement of total disability benefits.[3]

Based upon the foregoing, the order of the Commonwealth Court is affirmed.

Justice NIGRO files a concurring opinion.

Justice SAYLOR files a concurring opinion in which Justices CAPPY and CASTILLE join.

NIGRO, Justice, concurring.

I concur in the majority opinion that the Claimant (Laubach) is entitled to reinstatement of total disability benefits when the light-duty job he was capable of performing, which had reduced his benefits to partial, was eliminated for economic reasons. I write separately because I believe that this case can be more expediently disposed of under the four-prong analysis articulated in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

In *Kachinski*, this Court wrote:

[T]he following procedure [governs] the return to work of injured employees:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

---

3. Bethlehem Steel did not demonstrate that there was any other available employment that Laubach was capable of performing. See, *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

3.   The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4.   If the referral fails to result in a job then claimant's benefits should continue.

*Id.* at 252, 532 A.2d 374.

The *Kachinski* prongs are essentially successive steps in a process.   Here, with respect to Laubach's initial return to work in the modified-duty position, it is undisputed that Bethlehem Steel satisfied the first two *Kachinski* steps.   It is equally undisputed that Laubach satisfied the third step as he applied for, was hired for, and continued to work in the modified-duty job until the position was eliminated and he was laid off after less than three years on the job.   The layoff was due to no fault of Laubach and he can therefore be said to have continually demonstrated the good faith effort required by step three.   Because step two requires that Bethlehem Steel produce a job that is both actually available and tailored to the claimant's abilities, the elimination of Laubach's modified-duty position, therefore, puts Bethlehem Steel back at step two.   It is then Bethlehem Steel's burden to make new job referrals to Laubach in order to shift the burden back to Laubach to make a good faith effort to follow up on the referral(s).   Then, pursuant to step four, if the referral(s) does not result in a new job for Laubach, he would continue to receive total disability benefits.

*Kachinski* is clear that an employer seeking to modify an injured employee's benefits must show two things:   change in medical condition and actual availability of a suitable job.   Thus, absent a revisit to step one, and a showing of further recovery from the work-related injury, Bethlehem Steel is married to the medical determination made at the initial modification hearing that there has been some medical improvement in Laubach's work-related injury.   Therefore, Laubach would not be required to return to pre-injury duties.   Rather, he would be cleared only for modified duty consistent with his residual incapacity.   It is then, pursuant to step two of *Kachinski,* incumbent on Bethlehem Steel to show that actual suitable work is available consistent with Laubach's

medical condition. If there is no such showing, then Laubach is entitled to total disability benefits under *Kachinski.*

The majority's analysis is well-reasoned and accurate and essentially parallels my suggested alternative. Nonetheless, as there are likely to be endless variations on the theme of burden-shifting in the context of benefit modification fact patterns, I believe that employers and employees alike would do well to look first to *Kachinski* which provides an accessible roadmap for these types of cases.

SAYLOR, Justice, concurring.

I concur in the result reached by the majority for the reasons set forth in my concurring opinion in *Stevens v. WCAB (Consolidation Coal Co.),* 563 Pa. 297, 760 A.2d 369 (2000).

Justices CAPPY and CASTILLE join this concurring opinion.